UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-21579-CV-KING

CORIOLISS, LTD., and ASIA
ATKIENGESELLSCHAFT,

    Plaintiffs,

v.

CORIOLISS USA, INC.,
CORTEX USA, LTD., and
EREZ MAMAN,

    Defendants.
_____/

## ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

THIS CAUSE comes before the Court upon the Defendants' Motion to Dismiss or, in the Alternative, for Change of Venue (D.E. #4), filed July 11, 2008. The Plaintiffs filed a Response (D.E. #14) on August 18, 2008. On August 25, 2008, the Defendants filed a Reply (D.E. #16). On August 27, 2008, this Court held a hearing on said Motion and heard extensive arguments from both sides.

### I. BACKGROUND

Plaintiffs are both foreign corporations, whereas the Defendants are all either located or reside in Georgia. The Plaintiff Corioliss Ltd. ("Limited") manufactures electric hair styling tools. The Defendant Corioliss USA ("USA") agreed to market and

distribute Limited's merchandise (which was manufactured overseas) in the United States. The warehouse of USA is located in Georgia. Ben David, an employee of USA, allegedly then formed Corioliss LLC ("LLC") with the intention of diverting funds from USA to LLC. At some point, Defendant Erez Maman, who is the founder and sole shareholder of USA, formed Defendant Cortex USA, Ltd. ("Cortex") to sell Cortex products (which are allegedly an inferior verison of Corioliss products) in direct competition with Corioliss products. On March 19, 2008, USA filed an action against Limited in Georgia state court for, *inter alia*, theft of trade secrets, conversion of merchandise, misappropriation of trade secrets, and computer theft. On June 3, 2008, Limited filed the instant action for federal trademark dilution and infringement and other related Florida state law claims. Limited alleges that Defendants manufactured and distributed Cortex products to retailers in an improper way which left them with the false impression that they were purchasing Corioliss products. These retailers subsequently sold the Cortex products at mall kiosks located throughout Florida (and the greater United States) to consumers. During the hearing before this Court, the Defendants asserted that .75% (i.e., three-fourths of one percentage point) of their typical annual sales are to Florida consumers.

## II. STANDARD OF REVIEW

The Defendants seeks a transfer to the United States District Court for the Northern District of Georgia based upon the doctrine of *forum non conveniens*. However, for the instant action, the analysis for a transfer should occur under 28 U.S.C. § 1404(a)

because the alternative forum is not abroad. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996) ("This transfer of venue function of the *forum non conveniens* doctrine has been superseded by statute . . . and to the extent we have continued to recognize that federal courts have the power to dismiss damages actions under the common-law *forum non conveniens* doctrine, we have done so only in 'cases where the alternative forum is abroad.' "). Under section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The factors to consider for a section 1404(a) transfer include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).[1]

### III. DISCUSSION

This Court concludes that, for the convenience of the parties and witnesses, the instant action should be transferred to the United States District Court for the Northern District of Georgia, a forum where this action could have been brought. The relevant

---

[1] This Court recognizes the other assertions of Plaintiffs which allegedly constitute independent bases upon which this Court may grant this Motion. However, this Court does not address these alternative bases because the instant action should be transferred pursuant to 28 U.S.C. § 1404(a).

factors overwhelmingly support transfer to this alternative forum.

First, the convenience of the Georgia forum for both the parties and witnesses is clear. Plaintiffs are European corporations who have no significant connection to Florida, and all the Defendants either reside or are located in Georgia. The Defendants concede that some witnesses may reside in Florida, but it seems logical that the majority of the crucial witnesses reside in Georgia because, *inter alia*, the warehouse of USA is located in Georgia and the Cortex products were apparently manufactured in Georgia. Thus, the majority of the witnesses who can provide testimony concerning how the Cortex product was manufactured and distributed will likely reside in Georgia. Further, the injunctive relief sought by the Plaintiffs in the Complaint would need to be enforced in Georgia.

Second, the factor concerning the location of relevant documents and the relative ease of access to sources of proof clearly favors a transfer. The Plaintiffs concede that the relevant documents are located in Georgia. Further, as previously discussed, the majority of key witnesses likely reside in Georgia, and the storage of Corlioliss products and the manufacture of Cortex products occurred in Georgia.

Third, the locus of operative facts clearly occurred in Georgia. Plaintiffs allege that the connection to Florida includes that Cortex products were sold at mall kiosks throughout the state, Cortex products were sold to Florida consumers through the internet, and their attorney is located in Miami. However, this Court accords little weight to these tenuous connections considering that the overwhelming majority of the relevant events occurred in Georgia. Again, only .75% of the Defendants' annual sales are to Florida

consumers. In sum, the locus of operative facts clearly support a transfer.

Fourth, a federal court in Georgia clearly can compel the attendance of unwilling witnesses. As previously discussed, the majority of key witnesses will likely reside in Georgia. Thus, the costs of obtaining such unwilling witnesses will be less if the instant action is litigated in Georgia.

Fifth, the financial strain will not be significantly greater on the Plaintiffs in a Georgia forum. Again, the Plaintiffs are European corporations. In contrast, the Defendants all reside or are located in Georgia; thus, a transfer to Georgia will preserve their financial resources.

Sixth, the factor concerning the forum's familiarity with the governing law does not support keeping the instant action in this Court. The instant action is based upon federal trademark law. A federal court in Georgia is as familiar with the applicable law as this Court. This Court acknowledges that the Complaint also contains separate Florida state law claims that are related to the alleged trademark infringement. Although this Court is obviously more familiar with the governing law for these Florida state law claims, there is no reason to believe that the United States District Court for the Northern District of Georgia will not grant leave for the Plaintiffs to amend the Complaint and assert similar Georgia state law claims. The Plaintiffs have not asserted that they would be prejudiced in such a way should this Court transfer the instant action. Thus, this Court concludes that this factor does not necessitate that the instant action remain in this forum.

Next, this Court considers the amount of deference that should be afforded to the

Plaintiffs' choice of forum. As the Defendants correctly assert, less deference is afforded to the forum selected by foreign citizens. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). Here, the Plaintiffs are foreign corporations with no significant connection to Florida. Thus, this Court accords little deference to the Plaintiffs' choice of forum.

Finally, this Court considers the trial efficiency and the interests of justice under a totality-of-the-circumstances analysis. For all the reasons discussed above, this Court concludes that the instant action should be transferred to the Georgia forum to ensure the most efficient trial and that the interests of justice will be satisfied.

## IV. CONCLUSION

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss or, in the Alternative, for Change of Venue (**D.E. #4**) should be, and the same is hereby, **GRANTED**. It is further ORDERED, ADJUDGED, and DECREED that the above-style action is hereby **TRANSFERRED**, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of Georgia. The Clerk is **DIRECTED** to take all actions necessary to effectuate said transfer. Further, the Clerk shall, immediately upon transfer, delete the listing of this case from the list of pending cases assigned to the undersigned judge and **CLOSE** the file in the Southern District of Florida. All pending motions are hereby **DENIED** as **MOOT**.

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 16th day of September, 2008.



JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   **_Counsel for Plaintiffs_**

**Marlene Koch Silverman**
Greenberg Traurig
1221 Brickell Avenue
Miami , FL 33131

**_Counsel for Defendants_**

**Kenneth R. Hartmann**
Kozyak Tropin & Throckmorton
2525 Ponce de Leon Boulevard
Suite 900
Coral Gables , FL 33134-6036

**Neera G. Makwana**
Arnall Golden Gregory LLP
171 17th Street NW
Suite 2100
Atlanta , GA 30363

**Stephen M. Dorvee**
Arnall Golden Gregory LLP
171 17th Street NW
Suite 2100
Atlanta , GA 30363